**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ENRICO SIERRA,

    Plaintiff-Appellant,

 v.

CHAKMAKIAN, Doctor,

    Defendant-Appellee.

No. 19-56291

D.C. No. 2:17-cv-03723-SK

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Steve Kim, Magistrate Judge, Presiding[**]

Submitted May 17, 2022[***]

Before:  CANBY, TASHIMA, and NGUYEN, Circuit Judges.

  California state prisoner Enrico Sierra appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

  [***]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's decision on cross-motions for summary judgment, *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016), and we affirm.

The district court properly granted summary judgment for defendant because Sierra failed to raise a genuine dispute of material fact as to whether Chakmakian acted with deliberate indifference in treating his plantar fasciitis or in allowing Sierra to be transferred to a different prison despite his knee pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see id.* at 1058 ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health." (citation and internal quotation marks omitted)).

Sierra's request for injunctive relief (Docket Entry No. 23) is denied. We do not consider Sierra's request that we grant him authorization to seek resentencing under California Penal Code § 1170 because it is beyond the scope of this appeal. Sierra's request that this case be mediated is denied as moot.

**AFFIRMED.**